## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Michael David Nazario,                                    Civil No. 12-554 JRT/AJB

                        Plaintiff,

                                              **REPORT AND RECOMMENDATION**
v.                                            **ON DEFENDANTS' MOTIONS**
                                              **TO DISMISS**

Judge Katherine Quaintance,
Karin L. Chedister, Diane Kassler,
Deborah Silverstein, and Hennepin
County Sheriff Department,

                        Defendants.


        Michael David Nazario, 3233 Central Ave, NE, Minneapolis, Minnesota 55418, pro se
        plaintiff;

        Thomas C. Vasaly, Esq., Minnesota Attorney General's Office, for defendant Judge
        Katherine Quaintance;

        Beth A. Stack, Esq., and Toni A. Beitz, Esq., Hennepin County Attorney's Office, for
        defendants Karin L. Chedister, Diane Kassler, Deborah Silverstein, and Hennepin County
        Sheriff Department.


        This action is before the court, United States Chief Magistrate Judge Arthur J.

Boylan, on Amended Motion to Dismiss of Defendants Karin L. Chedister, Diane Kassler,

Deborah Silverstein, and Hennepin County Sheriff Department ("Hennepin County Defendants")

[Docket No. 17]; and Defendant Judge Quaintance's Motion to Dismiss Amended Complaint

[Docket No. 19].  Hearing on the motions was held on June 18, 2012, at the United States

Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.  The case has been referred to

the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1).  It is the court's

determination herein that the motions to dismiss by Judge Katherine Quaintance and the

Hennepin County Defendants should be granted and the amended complaint in this matter be

dismissed.

## Background and Claims

Plaintiff Michael Nazario has filed an amended complaint[1] in which he alleges claims based upon federal jurisdiction as provided under 18 U.S.C. § 96, the Racketeering Influenced Corrupt Organizations Act ("RICO").   Specifically, he asserts RICO jurisdiction under provisions relating to: (1) Extortionate Credit Transactions; (2) Fraud and Related Activity in Connection with Identification Documents; (3) Financial Institution Fraud; (4) Obstruction of Justice; (5) Obstruction of State or Local Law Enforcement; (6) Retaliating Against a Witness, Victim, or an Informant; (7) Peonage, Slavery, and Trafficking in Persons; (8) Interference with Commerce, Robbery, or Extortion; (9) Racketeering; (10) Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; (11) Sexual Exploitation of Children; and (12) White Slave Traffic.

The amended complaint states that the averments contained therein relate to federal questions based upon defendants' conduct in a Hennepin County family court case entitled In the Matter of the Welfare of the Children of Joy Nazario, Mother and Michael Nazario, Father, FAM ID No. 323598 Case No. 27-JV-11-7365.[2]   Defendant Katherine

---

[1]  Plaintiff apparently seeks to incorporate the initial complaint into the amended complaint by attaching the initial pleading as Ex. F to the amended pleading.   The initial complaint lists causes of actions as being: (i) 18 USC. Chapter 96 - Racketeer Influenced Corrupt Organizations; (ii) 18 USC § 1968 - Civil investigative demand; (iii) 18 USC § 3771 - Federal Crime Victims' Rights; (iv) 18 USC § 241 - Conspiracy Against Rights; and (v)  18 USC § 242 - Deprivation Of Rights Under Color of Law.  Compl. page 5 [Docket No. 1].  The Nature of Suit is described as "Public Safety Emergency Caused by Hennepin County Fourth Judicial District Family Division Deliberate Continuing and Worsening Legal Malpractive of Minnesota Constitution Article I Bill of Rights." Id.

[2]  Amd. Compl., page 4 [Docket No. 16].

Quaintance is the Hennepin County District Court Judge assigned to the case; defendant Karin Chedister is an Assistant Hennepin County Attorney, defendant Diane Kassler is a Hennepin County social worker, and defendant Deborah Silverstein is Kassler's supervisor.  The Hennepin County defendants were involved in the underlying child protection matter; and the Hennepin County Sheriff's Department participated in the removal of plaintiff's children from the home. The pleadings do not explicitly state the amount of damages sought from each defendant, but the initial pleading alleges "$3,000,000.00 demonstrable costs and personal injuries damages,"[3] and states that "[d]amages in the amount of no less than $10,000,000.00 should be awarded."[4]

      **CHIPS Proceedings.**  This action arises out of a petition filed in Hennepin County in August 2011, alleging that plaintiff Michael Nazario's children were in need of protection or services based upon allegations of sexual abuse.[5]  Trial on the matter was held on November 29, 2011, before defendant Hennepin County District Court Judge Katherine Quaintance, and an Order for CHIPS Adjudication and Protective Supervision was issued by Judge Quaintance on December 29, 2011.[6]  The court determined that two of plaintiff's children were in need of protective services.[7]  In January 2012, child protection social worker Diane Kassler submitted an affidavit to the court indicating that the parents, plaintiff Michael Nazario

---

[3]  Compl., page 22 [Docket No. 1].

[4]  Id.  Also, plaintiff appears to allege $3 million in monetary damages in the amended complaint, Amd. compl., page 32, Averment 98 and page 12, Averment 31.

[5]  Decl. of John Betzler [Docket No. 26], Ex. A.; Aff. of Karin L. Chedister [Docket No. 23], Ex. A.

[6]  Id.

[7]  Id.  (protective services with respect to a  third child were not considered necessary due to the child's age and the CHIPS petition was dismissed as to that individual).

and his wife, Joy Nazario, were not being cooperative and were not in compliance with case plan conditions.[8]  Judge Quaintance thereafter issued Findings and Conclusions and Order dated January 11, 2012, therein placing two of the plaintiff's children with the Hennepin County Human Services and Public Health Department and scheduling further hearing on the matter.[9] Meanwhile, the Hennepin County Sheriff's Department undertook the task of locating the Nazario family, including plaintiff, his wife and the two children.  Mr. and Mrs. Nazario were found on January 18, 2012, but the children were not present and the parents refused to disclose their location.[10]  The parents were arrested on January 19, 2012, on charges of depriving another of custodial rights and were jailed at that time.[11]  Mrs. Nazario revealed the children's location at her initial appearance in the criminal matter.[12]

A hearing was held on the child protection matter on February 1, 2012, and additional Findings and Order were issued on February 15, 2012, therein allowing return of the children to the mother's home, but maintaining the order for protection as to plaintiff Michael Nazario.[13]  The child protection action was again before Judge Quaintance for hearing on March

---

[8]  Decl. of John Betzler, Ex. B.

[9]  Decl. of John Betzler, Ex. C.

[10]  Id., Ex. D and E.

[11]  Id., Ex. E.; Aff. of Karin L. Chedister, Ex. E, Crim. Compl.  The criminal complaint dated January 20, 2012, was issued only as to plaintiff's wife, Joy Nazario.

[12]  Decl. of John Betzler, Ex. F.

[13]  Decl. of John Betzler, Ex. F.

6, 2012.[14]  Findings of Fact and an Order were issued on March 19, 2012, for further hearing on

May 21, 2012.  Finally, by way of letter dated June 18, 2012, with an attached exhibit,[15] this

court was advised that criminal proceedings with respect to the mother had been resolved by

<u>Alford</u> plea, the Hennepin County Attorney had declined to prosecute plaintiff Michael Nazario,

and jurisdiction in the CHIPS matter was terminated.  Nonetheless, the order for protection as to

Mr. Nazario was to remain in effect.[16]  There is no record of appeal or request for state court

appellate review of court orders or determinations in the Hennepin County child protection

action.[17]

Meanwhile, plaintiff Michael Nazario commenced this action by complaint filed

in federal court on March 2, 2012, therein asserting errors, misconduct, legal malpractice,

discrimination, and retaliation by defendants, primarily Judge Quaintance, in regards to the

CHIPS proceedings and the arrests of the plaintiff and his wife.  Defendant Katherine

Quaintance now moves for dismissal of claims for monetary damages on judicial immunity

grounds, and she further asserts the bar against review of challenges to state court decisions

under the <u>Rooker–Feldman</u> doctrine.  The individual Hennepin County defendants likewise

move for dismissal pursuant to the <u>Rooker–Feldman</u> doctrine, and they assert that prosecutorial

immunity precludes money damages claims.  The Hennepin County Sheriff's Department

contends that it is not a subject to suit as a separate entity, and all defendants argue that the

---

[14]  Id., Ex. G (the court docket in this matter does not indicate whether the May 21, 2012, hearing took place).

[15]  Findings and Order by Judge Quaintance dated May 25, 2012.

[16]  Id.

[17]  Decl. of John Betzler, ¶ 3.

complaint fails to state a cause of action for which relief may the granted.

**Rule 12 Standard of Review**

A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible.  Twombly, 127 S.Ct. at 1974.  When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 127 S.Ct. at 1964-65.  A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote.  Id. at 1965.  However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule 12(b)(6) motion, and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P. 56 motion for summary judgment.  However, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D.

Minn. 1996)).  <u>See also</u>  <u>Parnes v. Gateway 2000, Inc.</u>, 122 F.3d 539, 546 n.9 (8th Cir. 1997).

Materials which are necessarily embraced by pleadings may include copies of underlying

pleadings and documents incorporated by reference.  <u>Piper Jaffray</u>, 967 F. Supp at 1152.  In

addition, materials which are public record may be considered in deciding a motion to dismiss.

<u>E.E.O.C. v. Am. Home Prod. Corp.</u>, 199 F.R.D. 620, 627 (N.D. Iowa 2001) (citing <u>Missouri ex</u>

<u>rel. Nixon v. Coeur D'Alene Tribe</u>, 164 F.3d 1102, 1107 (8th Cir. 1999)).  On the other hand,

"written or oral evidence in support of or in opposition to the pleading that provides some

substantiation for and does not merely reiterate what is said in the pleading," may be construed

as "matters outside the pleadings," requiring treatment of the motion as one for summary

judgment.  <u>Hamm v. Rhone-Poulenc Rorer Pharm., Inc.</u>, 187 F.3d 941, 948 (8th Cir. 1999).

In support of their respective motions to dismiss, defendant Quaintance has

submitted the Declaration of John Betzler and the county defendants have submitted the

Affidavit of Karin L. Chedister.  The exhibits attached to these documents are largely the same

court records in each submission, and the materials are clearly the immediate subject of

allegations contained in the amended complaint.  The court finds that the declaration and

affidavit exhibits are matters of public record which are properly considered on motion to

dismiss without converting the motion into one for summary judgment.  Furthermore, plaintiff

asserts no objection to the court's consideration of the materials for purposes of the Rule 12

motions to dismiss, and indeed, has offered no opposition to the motion to dismiss other than the

bare oral assertions at the hearing that the lawsuit is not a re-litigation of the CHIPS action, and

the pleadings state sufficient facts to preclude dismissal for failure to state a claim.

**<u>Failure to State Cause of Action</u>**

As recited above, to survive a Rule 12(b)(6) motion to dismiss a pleading must contain facts sufficient to state a plausible claim. <u>Twombly</u>, 127 S.Ct. at 1974.  The initial complaint in this matter consists entirely of conclusory statements and has no meaningful factual content from which a defendant, or the court, could infer, or construct an actual claim supported by pertinent facts.  The amended complaint, on the other hand, appears to be some sort of hybrid pleading that contains jurisdictional statements and numerous allegations that could be construed as requests for admissions and/or responses to a non-existent motion for more definite statement if properly presented as such.  In any event, the documents contain no straightforward assertions of fact relevant to an actual and easily discernable cause of action.

Despite the explicit instruction of Federal Rule of Civil Procedure 8(a)(2), whereby a pleading "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief,'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (quoting Rule 8(a)(2)), the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955).   To survive dismissal, a complaint must state sufficient facts to state a claim that is plausible on its face.  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 570).  The standard requires more that mere possibility that a defendant has acted unlawfully.  <u>Id.</u>  Although fact allegations in the complaint must be taken as true, the court is not required to accept the truthfulness of legal conclusions or "a legal conclusion couched as a factual allegation." <u>Id.</u> at 1950.

Over and again the plaintiff's pleadings merely recite legal conclusions which are unsupported by concrete facts sufficient to state a plausible claim.  As to the minimal factual background that is provided, many of those "facts" are not directly asserted, but rather, are entirely conclusory statements or are stated in the form of rhetorical comments and

8

embellishments designed to infer a legal conclusion.  Information that may be construed as facts relating to claims in this case are generally undisputable and unremarkable as to the merits of any disputed legal causes of action except to establish that the plaintiff and other members of his family were indeed involved in a child protection action in Hennepin County in which the defendants were also involved.  The pleadings contain essentially no facts whatsoever to support the actual legal conclusions or establish some basis for the elements of the various causes of action that are alleged.  Specifically, there are no facts whatsoever to support a conclusion that any defendant in this case was engaged in fraud or other activity in violation of anti-racketeering statutes (RICO), and there is certainly not the particularity required for pleading special matters, i.e. fraud, pursuant to Fed. R. Civ. P. 9(b).  With respect to a claim under 18 U.S.C. § 1968–demand for civil investigation–the statute authorizes the Attorney General to seek documents relevant to a racketeering investigation, but nowhere authorizes a demand for such an investigation by a plaintiff in a civil lawsuit.  As for claims under 18 U.S.C. § 3771–Federal Crime Victim's Rights, the statute establishes certain victim rights in a criminal action, which this is not; and 18 U.S.C. § 241–conspiracy against civil rights, and 18 U.S.C. § 242–deprivation of civil rights under color of law, are statutes establishing criminal liability which again have no application in this civil action.  The complaint and amended complaint in this matter fail to state a cause of action upon which relief can be granted against any defendant and the defendants' respective motions to dismiss pursuant to Rule 12(b)(6) should therefore be granted.

**Additional Grounds for Dismissal**

**Rooker-Feldman.**  "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).  "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the

action . . .”  Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926

(1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).  Fed. R.

Civ. P. 12(h)(3) provides that “[i]f the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action.”  (Emphasis added.)

        In this case, subject matter jurisdiction does not exist because of the Rooker-

Feldman doctrine, which was established by the Supreme Court’s decisions in Rooker v. Fidelity

Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S.

462 (1983).  The “Rooker-Feldman doctrine” holds that, “with the exception of habeas corpus

petitions, lower federal courts lack subject matter jurisdiction over challenges to state court

judgments.”  Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied,

531 U.S. 1183 (2001).

        “The basis for the Rooker-Feldman doctrine is that, other than in the context of

habeas claims, federal district courts are courts of original jurisdiction, and by statute they are

precluded from serving as appellate courts to review state court judgments, as that appellate

function is reserved to the Supreme Court under 28 U.S.C. § 1257.”  Dornheim v. Sholes, 430

F.3d 919, 923 (8th Cir. 2005), cert. denied, 547 U.S. 1135 (2006).  Rooker-Feldman bars “cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered

before the [federal] district court proceedings commenced and inviting district court review and

rejection of those judgments.”  Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544

U.S. 280, 284 (2005),   See also Robins v. Ritchie, 631 F.3d 919, 925 (8th Cir. 2011) (“‘[t]he

basic theory of the Rooker–Feldman doctrine is that only the United States Supreme Court has

been given jurisdiction to review a state-court decision, so federal district courts generally lack

subject-matter jurisdiction over attempted appeals from a state-court judgment’”) (quoting

Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 754 (8th Cir. 2010)); In re Goetzman, 91

F.3d 1173, 1177 (8th Cir.) ("[u]nder the Rooker-Feldman doctrine, lower federal courts lack

jurisdiction to engage in appellate review of state court determinations"), cert. denied, 519 U.S.

1042 (1996).

    Despite his assertion to the contrary at the motions hearing, plaintiff Michael

Nazario is essentially seeking federal judicial review of a state court decision – specifically, the

consequences of a CHIPS petition initiated by Hennepin County child protection personnel and

prosecuted by an Assistant Hennepin County Attorney.  Plaintiff's amended complaint alleges

that actions by Judge Quaintance, attorney Chedister, and child protective services employees

Kassler and Silverstein, constitute legal malpractice, fraud, retaliation, police brutality, unlawful

imprisonment, and reckless endangerment based upon the placement of the two Nazario children

into the child protective services system.  For relief plaintiff seeks a civil investigation, including

depositions and expert witness reports.[18]  Although Mr. Nazario does not explicitly state that he

wants the federal court to review and overturn decisions made by the Hennepin County District

Court, review of the state court findings and orders is implicit in his allegations and demand for

relief.  Such review cannot be undertaken, however, because of the Rooker-Feldman doctrine.

Rooker-Feldman prohibits the federal district courts from entertaining cases in which the

claimant seeks federal review of a final state court judgment.  Such cases must be dismissed for

lack of jurisdiction.  Riehm v. Engelking, 538 F.3d 952, 964 (8th Cir. 2008) ("[i]f the

Rooker–Feldman doctrine applies, federal courts lack subject matter jurisdiction"); see also P.G.

v. Ramsey County, 141 F.Supp.2d 1220, 1229-30 (D. Minn. 2001) (lower federal courts do not

---

[18]  Amd. compl., page 32, Averment 98.

have jurisdiction over claims that are 'inextricably intertwined' with claims adjudicated in state court).

      **Judicial Immunity.**  To the extent that plaintiff Michael Nazario purports to assert facts to support causes of action against defendant Judge Katherine Quaintance, those facts, without exception, relate to actions by the defendant in her role as judge, serving in her position and acting in the context of legal proceedings involving the plaintiff's family.  Claims against defendant Judge Quaintance are clearly barred by the doctrine of judicial immunity.  It is well settled, under both federal and state law, that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986).  See also Hoppe v. Klapperich, 224 Minn. 224, 234 (1947) ("'it is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for [ ] determinations and acts in [an] judicial capacity, however erroneous or by whatever motives prompted'") (quoting Stewart v. Case, 53 Minn. 62, 66 (1893)).   A judge is protected from claims for money damages even when alleged to have acted maliciously or corruptly.  P.G. v. Ramsey County, 141 F.Supp.2d 1220, 1230.  Only if acting in the absence of all subject-matter jurisdiction can a  judge be liable, and such lack of jurisdiction cannot be found where the judge is presiding in a child protection proceeding in which she clearly has jurisdiction.  Id.

      In this instance plaintiff Nazario is attempting to sue Judge Quaintance based on acts or omissions that occurred while she was serving, in her judicial capacity, as the presiding judge in plaintiff's state court child protection action; and there are no allegations or supporting facts to suggest that Judge Quaintance acted "in the complete absence of jurisdiction" over that

12

case.  Therefore, plaintiff's claims for money damages against Judge Quaintance are clearly barred by the doctrine of judicial immunity.

**Prosecutorial Immunity.**  It is also well settled that state prosecutors are absolutely immune from claims that are based on actions taken in the performance of their official duties.  P.G. v. Ramsey County, 141 F.Supp.2d at 1230 (D. Minn. 2001) (citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)).  It is readily apparent that defendant Karin L. Chedister is absolutely immune from plaintiff's claims.  Plaintiff is attempting to sue Chedister for acts that she allegedly performed while prosecuting an action against him in the state CHIPS case. Because defendant Chedister is being sued for purely prosecutorial activities, she is clearly entitled to prosecutorial immunity in this case.  See id. ("[t]here is no doubt that these Defendants are protected by absolute immunity against any claims for money damages arising out of there official duties." (Emphasis added)).

Plaintiff's complaint does not describe any specific act or omission by defendant Karin L. Chedister that did not occur while she was performing her officials duties on behalf of the State of Minnesota.  Therefore, all of plaintiff's claims against Chedister are barred by the doctrine of prosecutorial immunity.  Similarly, social workers Diane Kassler and Deborah Silverstein are absolutely immune from liability with respect to their involvement in the state court CHIPS proceedings.  In essence, their roles were functionally comparable to that of a prosecutor.  Thomason v. SCAN Volunteer Services, Inc., 85 F.3d 1365, 1373 (8th Cir. 1996) (citing Myers v. Morris, 810 F.2d 1437, 1452 (8th Cir. 1987) (prosecutor is absolutely immune for initiating neglect proceedings in family court) (citations omitted)).  Claims against defendants Chedister, Kassler, and Silverstein are properly dismissed on grounds of absolute prosecutorial immunity as well as for reason previously discussed.

13

**Hennepin County Sheriff's Department.**  It is alleged that the Hennepin County Sheriff's Department is sued to hold deputies accountable for "home invasion, police brutality . . . while ransacking and destroying property and papers having to do with 'running an American household and participating in Federal Lawsuit(s).'"[19]  The sheriff's department is a non-legal entity and as such is not subject to suit.  In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987) aff'd, Myers v. Scott County, 868 F.2d 1017 (8th Cir. 1989).  In the absence of any statutory authorization for suit against the sheriff's department, claims against this defendant are properly dismissed.  Claims against the Hennepin County Sheriff's Department should be dismissed as an entity not subject to suit, as well as failure to assert facts sufficient to state a plausible claim.

Based upon the file and records in this action, along with the motions, memorandums, and exhibits that are before the court, the magistrate judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that:

1.  The Amended Motion to Dismiss of Defendants Karin L. Chedister, Diane Kassler, Deborah Silverstein, and Hennepin County Sheriff Department be **granted**  [Docket No. 17];

2.  Defendant Judge Quaintance's Motion to Dismiss Amended Complaint be **granted**  [Docket No. 19]; and

3.  The complaint [Docket No. 1] and amended complaint [Docket No. 16] be dismissed  with prejudice and judgment be entered.

---

[19]  Amd. compl., page 15, Averment 37.

Dated:   August 3, 2012

                                          s/Arthur J. Boylan
                                        Arthur J. Boylan
                                        United States Chief Magistrate Judge


        Pursuant to Local Rule 72.2(b), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written
objections which specifically identify the portions of the Report to which objections are made
and the bases for each objection.  This Report and Recommendation does not constitute an order
or judgment from the District Court and it is therefore not directly appealable to the Circuit
Court of Appeals.  Written objections must be filed with the Court before August 17, 2012.

        Unless the parties stipulate that the District Court is not required by 28 U.S.C. §
636 to review a transcript of the hearing in order to resolve all objections made to this Report
and Recommendation, the party making the objections shall timely order and file a complete
transcript of the hearing within ten days of receipt of the Report.